UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Ne'Cole Duling,<br><br>      Plaintiff,<br><br>    v.<br><br>Adventist Health Systems d/b/a Florida Hospital Tampa,<br><br>      Defendant. | CIVIL CASE NO. 8:17-cv-763-T-35-MAP |

## DEFENDANT'S ANSWER AND DEFENSES

Defendant, University Community Hospital, Inc. d/b/a Florida Hospital Tampa[1] ("Florida Hospital" or "Defendant"), by and through undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure, hereby files its Answer and Defenses, and states as follows:

## PARTIES

I. A.  Defendant admits Plaintiff's name is Ne'Cole Duling.  Defendant has insufficient knowledge to admit or deny the remaining allegations in paragraph I. A. of the Complaint.

I. B.  Defendant admits that it has been named as a party to this matter and that it is located in Hillsborough County, FL.  Defendant has insufficient knowledge to admit or deny that any other entity has been named as a party to this matter and therefore denies the remaining allegations in paragraph I. B. of the Complaint.

---

[1] Plaintiff improperly names Adventist Health System d/b/a Florida Hospital Tampa as Defendant in this matter. This entity does not exist.  To the extent Plaintiff has effectively made any allegations against any entity related to Florida Hospital with a name similar to Adventist Health System, those allegations are denied.

## JURISDICTION

II. A.   Plaintiff has failed to include any allegations in Section II. A., and Defendant therefore denies that Section II. A. alleges a basis for jurisdiction.

II. B.   Plaintiff has failed to include any allegations in Section II. B., and Defendant therefore denies that Section II. B. alleges a basis for jurisdiction.

II. C.   Plaintiff has failed to include any allegations in Section II. C., and Defendant therefore denies that Section II. C. alleges a basis for jurisdiction.

II. D.   Plaintiff has failed to include any allegations in Section II. D., and Defendant therefore denies that Section II. D. alleges a basis for jurisdiction.

## STATEMENT OF CLAIM

III. A.  Denied.

III. B.  Denied.

III. C.  Defendant admits that on or about March 29, 2016, Plaintiff was employed as a Registered Nurse at Florida Hospital Tampa.  Defendant denies the remaining allegations in paragraph III. C. of the Complaint.

## INJURIES

IV.   Denied.

## RELIEF

V.    Defendant denies that Plaintiff is entitled to any relief.

## CERTIFICATION AND CLOSING

VI.   Defendant denies that the Complaint complies with the requirements of Rule 11.

DEFENDANT DENIES ALL ALLEGATIONS NOT EXPRESSLY ADMITTED ABOVE.

## DEFENSES

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendant is continuing to investigate Plaintiff's allegations; therefore, Defendant reserves the right to amend its Answer and Defenses.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations to the extent they were not presented to the EEOC or the Florida Commission on Human Relations ("FCHR") in a timely fashion and to the extent that they did not occur within the time periods prescribed by law under the FCRA and Title VII.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with any Charge of Discrimination Plaintiff filed.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent she made affirmative and material misrepresentations to the investigating agency and otherwise failed to cooperate with the investigation of her Charge of Discrimination.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because at no time did Defendant willfully or intentionally violate any non-discrimination or anti-retaliation statute with respect to Plaintiff.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because at all times, Defendant acted in good faith towards Plaintiff and without any intent to retaliate or discriminate against Plaintiff or to deprive Plaintiff of any employment rights and/or civil rights.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant's treatment of Plaintiff was, at all times and in all respects, based on legitimate, non-discriminatory and non-retaliatory business reasons, and wholly unrelated to Plaintiff's alleged protected activity.

**EIGHTH DEFENSE**

Even if the actions Plaintiff challenges in this lawsuit were found to be based, in part, on discriminatory, retaliatory, or other unlawful grounds, which Defendant adamantly denies, Defendant would have reached the same decision and taken the same actions irrespective of such motive, and Plaintiff's claims are therefore barred, in whole or in part.

**NINTH DEFENSE**

The Complaint should be dismissed because Plaintiff's charge of discrimination was filed in bad faith, and because no reasonable person would have believed that the conduct alleged by Plaintiff in her charge, even if it occurred – which Defendant expressly denies – was unlawful.

**TENTH DEFENSE**

Without admitting that Plaintiff would otherwise be entitled to recover any damages in this lawsuit, which Defendant expressly denies, Plaintiff's recovery of alleged damages is barred to the

extent she failed to make reasonable efforts to mitigate damages.

### ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of avoidable consequences, because she failed to take advantage of opportunities to avoid the alleged harm, or to otherwise act reasonably to avoid the alleged harm of which she now complains, and in fact unreasonably engaged in affirmative misconduct.

### TWELFTH DEFENSE

Without admitting that Plaintiff would otherwise be entitled to recover any damages in this lawsuit, which Defendant expressly denies, any damages Plaintiff might otherwise recover must be offset by any interim earnings or income.

### THIRTEENTH DEFENSE

Plaintiff has failed to plead sufficient facts to entitle her to compensatory damages under Title VII or the FCRA.

### FOURTEENTH DEFENSE

Plaintiff has failed to plead sufficient facts to entitle her to punitive damages under Title VII or the FCRA.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred, to the extent she seeks equitable relief, by the doctrine of unclean hands.

### SIXTEENTH DEFENSE

Plaintiff's claims are patently frivolous.  Plaintiff is fully aware of the bases for her discharge, including her gross misconduct.  Because Plaintiff's claims are frivolous and brought in bad faith, it was improper for her to file her Complaint, and it should be dismissed or stricken

in its entirety.

**SEVENTEENTH DEFENSE**

Plaintiff's Complaint should be dismissed because Plaintiff has failed to allege a basis for subject matter jurisdiction to establish that this Court has jurisdiction over her claims.

**EIGHTEENTH DEFENSE**

Plaintiff's claims under Title VII are barred because she failed to obtain a notice of right to sue the Defendant, and/or because she failed to file her lawsuit within the time prescribed by law for filing after receipt of a notice of right to sue.

**NINETEENTH DEFENSE**

Plaintiff's claims under the FCRA are barred because she failed to obtain from the Florida Commission on Human Relations a finding that there was reasonable cause to believe that Defendant engaged in any discriminatory practice, failed to file her claim after a charge of discrimination had been pending with the Florida Commission on Human Relations for at least 180 days, and/or to file her lawsuit within the applicable statute of limitations.

**TWENTIETH DEFENSE**

Without conceding that Defendant took any unlawful adverse action against Plaintiff, which Defendant expressly denies, because Plaintiff's theories of race discrimination, disability discrimination, and/or retaliation each require, respectively, that Plaintiff prove that race, or alleged disability, or alleged retaliation, were the "but-for" reason Plaintiff's employment was terminated, Plaintiff is barred from proceeding on more than one of those theories simultaneously, and/or from recovering on more than one of those theories. Further, Plaintiff's Complaint makes judicial admissions which preclude any finding that race, disability or retaliation were the "but-for" cause of her termination or her alleged injuries, and, accordingly, she cannot establish the

elements of any claim of discrimination or retaliation.

## TWENTY-FIRST DEFENSE

Defendant's claims or some of them, are barred by the exclusivity provisions of Florida's Workers' Compensation Law, *Florida Statutes* chapter 440.

## TWENTY-SECOND DEFENSE

Plaintiff is barred from bringing suit against Defendant for alleged negligent acts toward Plaintiff which did not result in a physical injury, pursuant to the impact doctrine in Florida.

## TWENTY-THIRD DEFENSE

Defendant reserves the right to amend or add any additional affirmative defense or counterclaims which may become known during the course of discovery.

WHEREFORE, having fully answered and responded to the allegations in Plaintiff's Complaint, Defendant respectfully requests:

    a.    Plaintiff's claims be stricken or dismissed with prejudice in their entirety;

    b.    Each and every prayer for relief in Plaintiff's Complaint be denied;

    c.    Judgment be entered in favor of Defendant;

    d.    All costs and reasonable attorneys' fees be awarded to Defendant and against Plaintiff under Title VII, the Florida Civil Rights Act and the standards established by *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) and *Univ. of Tex. Southwestern Med. Ctr. v. Nassar*, No. 12-484 (U.S. June 24, 2013), 28 U.S.C. § 1927, the Court's inherent authority, and other applicable law; and

    e.    Defendant be granted such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By:/s/ Shane T. Muñoz
    Shane T. Muñoz
    Florida Bar No. 067024
    smunoz@fordharrison.com
    Ashley N. Ward Singleton
    Florida Bar No. 89426
    awardsingleton@fordharrison.com

FORD & HARRISON LLP
101 E. Kennedy Boulevard
Suite 900
Tampa, FL  33602-5133
813-261-7800

Attorneys for Defendant  Florida Hospital Tampa

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2017, I electronically filed the foregoing with the Clerk of Court through the CM/ECF system, and sent via U.S. Mail a true and correct copy to:

Ne'Cole Duling
702 El Paseo Drive
Lakeland, Florida 33805

/s/ Shane T. Muñoz
Attorney

WSACTIVELLP:9124003.1