UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NE'COLE J. DULING,**

    **Plaintiff,**

v.                                                 **Case No: 8:17-cv-763-MSS-MAP**

**UNIVERSITY COMMUNITY HOSPITAL, INC. and ADVENTIST HEALTH SYSTEM,**

    **Defendants.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion to Reopen Case and Continue Proceedings filed by Plaintiff's counsel, Attorney Carlos Leach. (Dkt. 33)

On March 31, 2017, Plaintiff filed this action against Defendant asserting employment discrimination, retaliation, and harassment claims. (Dkt. 1) On February 27, 2018, Defendant filed a Notice informing the Court that "the [P]arties ha[d] reached a negotiated resolution of this matter." (Dkt. 29) Therefore, on March 5, 2018, pursuant Rule 3.08 (b) of the Local Rules of the United States District Court for the Middle District of Florida, the Court dismissed this action without prejudice and closed the file. (Dkt. 32) It noted that the Parties had sixty (60) days from the date of the Order to reopen the case upon good cause shown. (Id.)

On April 20, 2018, within the allotted sixty-day period, Plaintiff, through her counsel, Attorney Carlos Leach, filed the instant motion to reopen the case and continue proceedings ("Motion to Reopen"). (Dkt. 33) Plaintiff asserts that the Court should

allow this action to be reinstated because, "[a]lthough the [P]arties agree[d] to a monetary amount to resolve this matter, the terms of the settlement agreement could not be finalized." (Id. at 2)   In its response in opposition, Defendant argues that "the Parties manifested their assent to all material terms of a comprehensive agreement to resolve this matter."   (Dkt. 34)   Defendant quotes several written communications between its counsel and Attorney Leach to demonstrate that the Parties assented to all material terms of the agreement and that the agreement is binding and enforceable against Plaintiff. (Id.)   In the response, Defendant also moves the Court to enforce the Parties' agreement. (Id.)

On May 3, 2018, the same date on which Defendant filed its response to the Motion to Reopen, Attorney Leach filed a Motion to Withdraw as counsel for Plaintiff.   (Dkt. 36)   As the basis for the Motion, Attorney Leach stated that he and Plaintiff "have had a fundamental disagreement on how to proceed with the case."   (Id. at 2)   The Court denied the Motion to Withdraw, stating that it would not permit Attorney Leach to withdraw from this case while a motion he filed, namely, the Motion to Reopen, was still pending. (Dkt. 37)   It directed Attorney Leach as follows:

> If Attorney Leach believes that the Motion to Re-Open Case and Continue Proceedings, (Dkt. 33), is still viable, he is **DIRECTED** to file a **REPLY** to the response in opposition to the Motion, (Dkt. 34), on or before June 1, 2018.   If Attorney Leach has concluded that there is no basis for the Motion to Re-Open Case and Continue Proceedings, he shall **WITHDRAW** the Motion on or before June 1, 2018.   The Court will permit Attorney Leach to withdraw as counsel for Plaintiff upon the resolution or withdrawal of the Motion to Re-Open Case and Continue Proceedings.

(Id. at 2 (emphasis in original))

As of the date of this Order, Attorney Leach has filed neither a reply nor a withdrawal notice concerning the Motion to Reopen. The Court therefore presumes that the Parties have resolved their dispute regarding the reopening of this case.

Moreover, Defendant's motion to enforce the settlement agreement, which is embedded in its response to the Motion to Reopen, is due to be denied. Defendant asserts that the terms of the settlement are to be kept confidential, and thus, it did not provide the Court with copies of the agreement or identify the specific terms of the agreement it seeks to enforce. Hence, the Court is not equipped with the necessary information to determine whether to enforce the agreement.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Re-open Case and Continue Proceedings, (Dkt. 33), is **DENIED**. This case shall remain **CLOSED**. If the Court is mistaken in its presumption that the Parties have resolved the instant matter, counsel should notify the Court immediately.

2. Defendant's Embedded Motion to Enforce the Settlement Agreement, (Dkt. 34), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of June, 2018.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person